UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES SKINNER,<br><br>          Plaintiff,<br><br>    v.<br><br>JOSEPH LEHMAN,<br><br>          Defendant. | Case No.  C05-5061RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**OCTOBER 7th, 2005** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

FACTS AND DISCUSSION

Before the court is defendant's motion to dismiss.  (Dkt. # 15).  The court converted the motion to a motion for summary judgment because the defendants presented information that was not part of the original complaint, i.e. plaintiff's release date and sentence structure.  (Dkt. # 19, Exhibit 1, Attachment A).  Defendants argue the underlying action is time barred and because plaintiff was released on his earned early release date the action is without factual merit.  Plaintiff has not responded.

This action is one of several that challenge the release date for an inmate with post release supervision as part of the sentence.  The plaintiffs allege they were held past their earned release dates without due process. Here, the records placed before the court show the plaintiff was released on his earned release date and the

REPORT AND RECOMMENDATION
Page - 1

action is frivolous.  Further, the release date, December 1st, 1998, is more than three years before the filing of this action on January 24th, 2005.  (Dkt. # 1).  Washington states statute of limitations for civil rights action is three years.  Rose v. Rinaldi, 654 F. 2d. 546 (9th Cir. 1981).

Plaintiff was specifically informed that failure to respond to a motion could be considered by the court as an admission that the motion had merit.  (Dkt. # 12).  Local Rule 7 (b) (2) states in part "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rule 7(b) (2).

Plaintiffs failure to respond to defendant's motion is fatal to this action.  Plaintiff has filed nothing to contradict defendants assertions that he was released on his earned early release date and that this action is time barred.  Accordingly, the court now recommends this action be **DISMISSED WITH PREJUDICE.**  A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 7th, 2005**, as noted in the caption.

DATED this 19th day of September, 2005.

Karen L. Strombom
United States Magistrate Judge